IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darrell L. Amlotte, et al.,    :

    Plaintiffs,    :

    v.    :    Case No. 2:08-cv-1158

       :

Michael R. O'Hare, et al.,    JUDGE MARBLEY

       :

    Defendants.

ORDER

    This case is before the Court to consider two related motions, both filed by the plaintiffs. The first asks the Court to extend the time within which plaintiffs must respond to the pending summary judgment motion filed by defendant TransAm Trucking, Inc. The second asks the Court to extend the discovery period beyond the cutoff date of December 31, 2009, which was set in the Court's initial Rule 16 scheduling order. TransAm opposes both motions. For the following reasons, both motions will be denied.

I.  Background

    This case involves a motor vehicle accident. Defendant Michael R. O'Hare was driving one of the two vehicles involved in the accident, and did so within the scope of his employment as a truck driver for TransAm. The complaint alleges that his negligence caused the accident, but it also alleges that TransAm was negligent in hiring Mr. O'Hare as a driver.

    At the initial Rule 16 conference, the parties agreed to a discovery cutoff date of December 31, 2009. That date was more than one year after the case was filed. Despite the fact that Mr. O'Hare is both a defendant and a person who was negligently hired, plaintiffs never took his deposition.

On January 31, 2010, TransAm moved for partial summary judgment on the negligent hiring claim. In response, plaintiffs asked for more time to file their memorandum in opposition, and supported that motion with a Rule 56(f) affidavit stating that Mr. O'Hare's deposition is required before plaintiffs can adequately respond to the motion. Because the time for conducting discovery has passed, plaintiffs also moved for an extension of the cutoff date. Defendants oppose both motions on ground that no good cause exists for extending the discovery deadline, noting that plaintiffs made no effort to depose Mr. O'Hare during the discovery period previously provided.

## II. Legal Standard

Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, inter alia, file motions, identify expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the

opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005). It is with these standards in mind that the instant motion will be decided.

### III. Discussion

As these cases hold, the starting point in any Rule 16(b) analysis is the extent to which the moving party can show that, despite exercising due diligence, he or she could not meet the deadline set by the Court. The only basis offered here for plaintiffs' inability to meet the deadline (and this was offered in a telephone conference held on March 1, 2010) was that both the plaintiff and Mr. O'Hare are still employed as over-the-road drivers, and that there is an additional attorney in Indiana whose schedule had to be consulted. Those things were all apparently true when the Rule 16 conference was held and were presumably factored into the parties' agreement about the schedule. Further, plaintiffs have not argued that they actually made an attempt to schedule the deposition at any time

prior to the filing of the summary judgment motion but were prevented from getting it done due to these factors.  To be consistent with the way in which the Court has interpreted Rule 16(b) in other cases on its docket, the Court simply cannot find the required showing of good cause based on these facts.  Therefore, the motion to extend the discovery cutoff date must be denied.  Further, because the only basis for the Rule 56(f) motion is the need to take Mr. O'Hare's deposition, and this order precludes that from happening, the Rule 56(f) motion must also be denied.

## IV. Disposition and Order

For the foregoing reasons, plaintiffs' motions to extend the discovery cutoff date and for an extension of time to respond to the pending motion for partial summary judgment (Docs. #22 and 24) are both denied.  Plaintiffs shall respond to the motion for partial summary judgment within fourteen days of the date of this order.

## V. Appeal Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge